## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8695 | **DATE** | 4/9/2004 |
| **CASE TITLE** | Dr. Richard Hass vs. The RICO Enterprise, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Recusal

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiff's Motion That Judge Norgle Recuse Himself [docket entry 25-1]. is denied. See attached.

*/s/ Charles R. Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 12 2004 | |
| X | Docketing to mail notices. | | date docketed | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Dr. Richard Hass,<br>  Plaintiff, | )<br>)<br>) No. 03 C 8695 |
| v. | )<br>) HONORABLE CHARLES R. NORGLE |
| The RICO Enterprise,<br>Janet Volk Hass, *et al.*<br>  Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER



APR 1 2 2004

CHARLES R. NORGLE, District Judge:

Before the court is Plaintiff's pleading filed April 7, 2004, styled: Motion That Judge Norgle Recuse Himself [docket entry 25-1]. For the following reasons, the motion is denied.

## I. BACKGROUND

On December 2, 2003, Plaintiff filed his Complaint alleging that the Defendants,[1] collectively referred to as "The RICO Enterprise," had conspired to, *inter alia*, violate his Due Process rights by "fixing" the outcome of cases within the Circuit Court of DuPage County. Plaintiff based federal subject matter jurisdiction on 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. The Complaint seems to suggest that Plaintiff's allegations arise out of a state court divorce and child custody case; however, the complaint does not advise the court as to what orders or judgments, if any, were entered by the state court.

---

[1] The Defendants named in Plaintiff's Complaint are: "THE RICO ENTERPRISE, Janet Volk Hass, Anita & Edwin Volk, Kenneth Abraham, Brian McKillip, Stephen Culliton, Dimitri Dres, Michael Kinz, John Panegasser, Susan Castagnoli, Robert Downs, Jeffrey Leving, Robert Galatzer-Levy and James Koteski." See Pl.'s Compl.
   Defendants Robert Galatzer-Levy and Michael Kintz have responded with separate motions to dismiss. See Def.'s Mot. to Dismiss [docket entries 4-1 and 6-1]. The record does not reflect that other Defendants have been served.

On January 21, 2004, Plaintiff filed a pleading styled: Motion For Change of Venue. See Pl.'s Mot. For Change of Venue [docket entry 8-1]. That motion sought to have the court recuse itself, stating: "Plaintiff . . . asks for his right to a change of judge as a matter of right and for cause . . . ." Id. The court denied that motion, stating: "Plaintiff cites no statute or case law in support of the present motion, and provides no argument to support recusal." Minute Order of January 26, 2004 [docket entry 9-1]. In the order denying that motion, the court also admonished Plaintiff to review Federal Rule of Civil Procedure 11. See id.

Plaintiff's motion currently before the court again seeks the court's recusal. See Pl.'s Mot. for Recusal. Once again, Plaintiff cites no statute or case law in support of the present motion. However, Plaintiff offers a number of assertions in support of recusal. First, Plaintiff alleges that the court has certain relationships with the Defendants in this case, which warrants recusal. Specifically, Plaintiff contends that "Judge Charles Norgle is a close friend and long-time acquaintance of Defendants in this case," id. ¶ 1, and "Judge Norgle is a member of the DuPage Bar association and socializes with Defendants." Id. ¶ 2. Second, Plaintiff argues that certain of the court's rulings are indicative of bias, which warrants recusal. Specifically, Plaintiff contends that "Judge Norgle has acted totally in the Defendants' interest so far and given them relief beyond statute." Id. ¶ 7. Lastly, Plaintiff contends that he has an absolute right to substitute judges according to Illinois law. This argument is without merit, because recusal of a federal judge is governed by federal law, see, e.g., 28 U.S.C. §§ 144, 455, or the Due Process Clause of the United States Constitution, see, e.g., Marshall v. Jerrico, Inc., 446 U.S. 238 (1980), and Plaintiff's motion is not brought pursuant to such authority. The court will address Plaintiff's remaining assertions without the benefit of responses from Defendants.

2

## II. STANDARD OF DECISION

As a preliminary matter, and as previously stated by the court in its Order of January 26, 2004, Plaintiff cites no statute or case law in support of the present motion, and the court deems this argument waived. See, e.g., United States v. Lanzotti, 205 F.3d 951, 957 (7th Cir. 2000) ("It is not [the] court's responsibility to research and construct the parties' arguments."). However, out of an abundance of caution, the court will address Plaintiff's motion as having been brought pursuant to 28 U.S.C. § 455.

Section 455 of Title 28 of the United States Code is a collection of various grounds for recusal. Grounds for recusal under § 455 are divided into two sections. See Microsoft Corp. v. United States, 530 U.S. 1301 (2000). Section 455(b) enumerates certain instances where recusal is required; with subsection (1) covering bias and prejudice grounds and subsections (2-5) covering interest and relationship grounds. See 28 U.S.C. § 455(b)(1-5); see also Liteky v. United States, 510 U.S. 540, 547-48 (1994). The other section, § 455(a), has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice' grounds." Liteky, 510 U.S. at 548. While § 455(b) is concerned with the reality of bias, prejudice, interest or relationship; in contrast, § 455(a) is concerned only with the appearance of impartiality. See id.

The court construes Plaintiff's motion as having been brought pursuant to 28 U.S.C. § 455(a) and (b)(1). Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry under § 455(a) is based on an objective standard. See Liteky, 510 U.S. at 548. Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Hook v. McDade, 89 F.3d

3

350, 354 (7th Cir. 1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." Cheney v. United States District Court for the District of Columbia, - - U.S. - -, 2004 WL 524885, at * 1 (March 18, 2004) (quoting Microsoft, 530 U.S. at 1302). This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." Hook, 89 F.3d at 354 (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. See id. In contrast, section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The inquiry under § 455(b)(1) is also evaluated on an objective basis. See Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Recusal under § 455(b)(1) is required "only if *actual* bias or prejudice is proved by compelling evidence." O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 988 (7th Cir. 2001) (emphasis added); Hook, 89 F.3d at 355. "'The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fairminded person could not entirely set aside when judging certain persons or causes.'" Hook, 89 F.3d at 355 (quoting United States v. Balistrieri, 779 F.2d 1191, 1201 (7th Cir. 1985)).

### III. DISCUSSION

As a preliminary matter, as previously indicted, the instant motion is Plaintiff's second motion seeking the court to recuse itself. As such, a strong argument can be made that this motion is untimely. However, the case law in the Seventh Circuit is unclear on this point, compare United States v. Patrick, 542 F.2d 381, 390 (7th Cir. 1976) (holding that "one must raise the disqualification

of the judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification") with SCA Services, Inc. v. Morgan, 557 F.2d 110, 117 (7th Cir. 1977) (holding that there are no limits on motions for recusal brought pursuant to § 455); see also Union Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710, 716 (7th Cir. 1986) (questioning the Morgan decision, and stating that it has been "uniformly rejected in the other circuits"), and the court need not rely on the timeliness issue, as the merits of Plaintiff's motion do not warrant recusal.

Plaintiff's first argument, that the court has certain relationships with the Defendants in this case, is without merit. "A judge's friendship with one of the attorneys, or acquaintance with witnesses or even parties, does not ordinarily require recusal . . . [h]owever, there are cases where the extent of intimacy, or other circumstances, renders recusal necessary." Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 29 (Fed. Jud. Ctr. 2002). This is not such a case.

According to Plaintiff's Complaint, a number of the named Defendants are attorneys and judges.[2] See Pl.'s Compl. In the motion seeking recusal, Plaintiff simply provides unsupported, conclusory allegations that "Judge Charles Norgle is a close friend and long-time acquaintance of Defendants in this case," Pl.'s Mot. for Recusal ¶ 1, and "Judge Norgle is a member of the DuPage Bar association and socializes with Defendants." Id. ¶ 2. The mere fact that a judge knows or knows of an attorney, witness or litigant is insufficient to warrant recusal. Similarly, the mere fact that a judge is a member of a bar association and socializes at such functions with attorneys or judges who may at some point in time appear before him is insufficient to warrant recusal. One would be hard pressed to find judges who are not members of various bar associations and other organizations;

---

[2] From the Complaint, it is not clear if the numerous attorneys and judges named therein are sued in certain official capacities or in their individual capacities.

5

indeed, some judges are officers within such organizations. A contrary rule would require that judges, upon taking an oath of office, cloister themselves from contact with the legal community and the world at large. See United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985) ("A judge need not cut himself off from the rest of the legal community."); see also Cheney, – U.S. –, 2004 WL 524885, at * 3 ("A rule that required Members of this Court to remove themselves from cases in which the official actions of friends were at issue would be *utterly disabling*." (emphasis added)). As the Seventh Circuit has stated:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases.

Id. Furthermore, in his motion, Plaintiff refers to the Defendants generally, an entity he describes as "The RICO Enterprise," and provides nothing more than unsupported, conclusory allegations in support of the motion. Plaintiff fails to prove, by compelling evidence, that the court possesses an actual bias or prejudice against or in favor of any party to this case. See 28 U.S.C. § 455(b)(1); see also O'Regan, 246 F.3d at 988; Hook, 89 F.3d at 355. Additionally, a reasonable person would not find Plaintiff's allegations to even support a fair argument that an appearance of impropriety exists. See 28 U.S.C. § 455(a).

Plaintiff's second argument, that certain of the court's rulings are indicative of bias, is also without merit. Plaintiff states that "Judge Norgle has acted totally in the Defendants' interest so far and given them relief beyond statute," Pl.'s Mot. for Recusal ¶ 7; however, he does not indicate

which rulings support that conclusory allegation. Although Plaintiff has filed approximately seven pleadings, the court has issued only two rulings adverse to Plaintiff. Aside from the initial motion for recusal, which the court denied, the record in this case reveals that on March 18, 2004, the court entered an order striking one of Plaintiff's motions. See Minute Order of March 18, 2004 [docket entry 19-1]. The order that was stricken was styled: "Motion That Joseph Birkett, All DuPage States Attorneys and All Court House Bailiff's Be Subjected to Hair Testing and Drug Tests By An Independent Testing Company." Pl.'s Mot. [docket entry 18-1]. As the heading of that motion indicates, Plaintiff sought an order from the court compelling certain Defendants and other unrelated persons to be subjected to drug testing. That motion was not brought pursuant to a cited Federal Rule of Civil Procedure, and no argument was presented on the issue of compelling such testing. Compare Fed. R. Civ. P. 35 (Physical and Mental Examinations of Persons). Further, such a ruling cannot support an argument of bias. The law is clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. The remedy for a judicial ruling with which a litigant disagrees is appeal, not a motion for recusal. See id. Plaintiff fails to prove that "a reasonable person [would] perceive[] a significant risk that the judge will resolve the case on a basis other than the merits." Hook, 89 F.3d at 354 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Recusal is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4-8-04

7