Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8695 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Dr. Richard Hass vs. The RICO Enterprise, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss [4-1; 6-1; 20-1; 36-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ■ This case is dismissed with prejudice and without costs
(10) ■ [Other docket entry]  Defendants' Motions to Dismiss [4-1; 6-1; 20-1; 36-1] are granted. Plaintiff's Complaint is dismissed with prejudice. See attached.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 14 2004 | date docketed | 45 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 4 2004

Dr. Richard Hass,
    Plaintiff,

v.

The RICO Enterprise,
Janet Volk Hass, *et al.*
    Defendants.

) No. 03 C 8695
)
) HONORABLE CHARLES R. NORGLE

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court are Defendants' Motions to Dismiss [4-1; 6-1; 20-1; 36-1]. For the following reasons, the motions are granted. Plaintiff's Complaint is dismissed with prejudice.

## I. BACKGROUND

On December 2, 2003, Plaintiff filed his Complaint alleging that Defendants,[1] collectively referred to as "The RICO Enterprise," had conspired to, *inter alia*, violate his Due Process rights by "fixing" the outcome of Plaintiff's divorce and child custody proceedings in the Circuit Court of DuPage County, Illinois. See Pl.'s Compl. ¶¶ 18-67. Plaintiff based federal subject matter jurisdiction on 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* Plaintiff's Complaint contains allegations of the behavior of his ex-wife, former in-laws and other persons involved with the divorce and child custody proceedings, concluding that "[t]he DuPage Courts are a lucrative shakedown racketeering Enterprise operating under color of law." Pl.'s Compl. ¶ 17.

---

[1] The Defendants named in Plaintiff's Complaint are: "THE RICO ENTERPRISE, Janet Volk Hass, Anita & Edwin Volk, Kenneth Abraham, Brian McKillip, Stephen Culliton, Dimitri Dres, Michael Kinz [*sic*], John Panegasser, Susan Castagnoli, Robert Downs, Jeffrey Leving, Robert Galatzer-Levy and James Koteski." See Pl.'s Compl. The record does not reflect that all Defendants have been served.

45

In response to Plaintiff's Complaint, Defendant Michael Kintz filed a Motion to Dismiss. Kintz argues three grounds for dismissal: (1) Plaintiff's Complaint is barred by the doctrine of *res judicata*, based upon a similar lawsuit filed in the Circuit Court of DuPage County; (2) Plaintiff's Complaint fails to state a claim upon which relief can be granted; and (3) Plaintiff's Complaint should be stricken, pursuant to Federal Rule of Civil Procedure 12(f), as it is entirely scandalous. Defendant Robert Galatzer-Levy also filed a Motion to Dismiss.[2] Galatzer-Levy argues two grounds for dismissal: (1) Plaintiff's Complaint is barred by the statute of limitations, and (2) Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant Judge James Konetski also filed a Motion to Dismiss. Judge Konetski argues that dismissal is appropriate as to him because Plaintiff has failed to make any allegations against him in the Complaint, and has only named him as a Defendant in the caption of the Complaint. Defendant Judge Kenneth Abraham also filed a Motion to Dismiss. Judge Abraham argues four grounds for dismissal: (1) Plaintiff failed to serve him within 120 days as required by Federal Rule of Civil Procedure 4(m), (2) Judge Abraham is entitled to judicial immunity, (3) Plaintiff's Complaint is barred by the statute of limitations, and (4) Plaintiff's Complaint fails to state a claim upon which relief can be granted. All Defendants seek dismissal with prejudice.

As the failure to state a claim and statute of limitation defenses are dispositive as to all Defendants, the court need only address those arguments. While the remaining arguments raised by the various Defendants are meritorious, the failure to state a claim and statute of limitation defenses are dispositive as to all Defendants.

---

[2] Defendants Kintz and Galatzer-Levy have also filed motions for sanctions, brought pursuant to Federal Rule of Civil Procedure 11, which remain before the court.

## II. ANALYSIS

*A. Failure to State a Claim*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 162, 168 (1993) (discussing "notice pleading" standards under the Federal Rules of Civil Procedure). Under this liberal notice pleading standard, "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

The main function to be performed by the complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim." Panaras v. Liquid Carbonic Industries Corp., 74 F.3d 786, 792 (7th Cir. 1996). The Federal Rules of Civil Procedure require the plaintiff to disclose adequate information regarding the basis of the claim for relief as distinguished from a bare averment that the plaintiff wants relief and is simply entitled to it. See 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1202 (2d ed. 1990). A complaint contains adequate information regarding the basis of the claim for relief if it contains even "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). To provide a defendant with fair notice, "a complaint must allege

facts bearing on all material elements necessary to sustain a recovery under some viable legal theory." Looper Maintenance Service, Inc. v. City of Indianapolis, 197 F.3d 908, 911 (7th Cir. 1999) (citation omitted).

Plaintiff's Complaint alleges a conspiracy in violation of RICO. Yet, aside from allegations of the behavior of his ex-wife and former in-laws during his divorce and child custody proceedings, all Plaintiff provides within his prolix 15-page Complaint is the unadorned allegation that "[t]he DuPage Courts are a lucrative shakedown racketeering Enterprise operating under color of law." Pl.'s Compl. ¶ 17. Plaintiff's Complaint fails to allege even the faintest outline of this conspiracy. Even under liberal notice pleading standards, the pleading of a conspiracy requires a plaintiff to "indicate the parties, general purposes, and approximate date, so that the defendant has notice of what he is charged with." Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002). Plaintiff's conspiracy theory is similar to that in Albiero v. City of Kankakee, 122 F.3d 417, 420-21 (7th Cir. 1997), where the plaintiffs alleged a conspiracy, but did not elaborate or provide any other allegations to support the conspiracy.

Plaintiff's Complaint fails to meet the notice pleading requirements set forth in the Federal Rules of Civil Procedure. "This is not a case where the plaintiff has been tripped up by 'mere technicalities,' but rather, the plaintiff has omitted the gravamen of his complaint." Kyle v. Morton High School, 144 F.3d 448, 457 (7th Cir. 1998) (per curiam). Rehashing the difficulties of his divorce and child custody proceedings, adding all those involved in those proceedings as defendants, and simply adding the word "conspiracy" does not state a cause of action. See Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000).

## B. *Statute of Limitation*

Since statutes of limitations are defenses to claims, a plaintiff ordinarily need not anticipate or attempt to defuse these defenses in a complaint. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). However, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ." United States Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003) (citation omitted); see also Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail."); Soo Line R.R. Co. v. St. Louis S.W. Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (indicating that a "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts").

In order to have properly brought a civil RICO claim, Plaintiff must have filed suit within 4 years of the date on which he knew or should have known that he had been injured. See Rotella v. Wood, 528 U.S. 549, 552 (2000). Likewise, a § 1983 claim must have been filed within 2 years of the date on which he knew or should have known that he had been injured. See Licari v. City of Chicago, 298 F.3d 664, 667-68 (7th Cir. 2002) (Bauer, J.) ("A two year statute of limitations applies to section 1983 claims in Illinois").

As previously indicated, Plaintiff's Complaint contains allegations of the behavior of his ex-wife, former in-laws and other persons involved with his divorce and child custody proceedings. See Pl.'s Compl. ¶¶ 18-67. The Complaint clearly demonstrates that all of the actions complained of occurred between 1995 and 1998. See id. ¶¶ 19-20, 23, 34-5, 46. For example, Plaintiff alleges that "[o]n information & belief as well as comparison with other DuPage cases, Plaintiff believes the $10,000 sent by mail by Defendants Volk [Plaintiff's in-laws] in June & put into two 6 month CD's

5

were used to bribe Defendant Judge Abraham in November 1995 to fix the judgment as predicted." Pl.'s Compl. ¶ 19. The latest action complained of occurred in June 1998, at which time Defendant Judge Abraham found Plaintiff to be in direct civil contempt of court. See id. ¶ 35. Plaintiff's Complaint contains no allegations of conduct beyond 1998.

Plaintiff's § 1983 claim had to have been filed before June 2000 and his RICO claim had to have been filed before June 2002. Plaintiff's Complaint was not filed until December 2003, and as such the Complaint is untimely. "Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application." Cada v. Baxter HealthCare Corp., 920 F.2d 446, 453 (7th Cir. 1990). "They protect important social interests in certainty, accuracy, and repose." Id.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [4-1; 6-1; 20-1; 36-1] are granted. Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED.

ENTER:

*Charles R Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6-10-04