# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8695 | **DATE** | 6/15/2004 |
| **CASE TITLE** | Dr. Richard Hass vs. The RICO Enterprise, Janet Volk Hass, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions for Sanctions

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' Motions for Sanctions [14-1 and 30-1] are granted. See attached. Defendants Galatzer-Levy and Kintz are directed to submit itemized fee petitions by July 1, 2004. Plaintiff Hass will then be given an opportunity to respond to the petitions by July 15, 2004. Defendants Galatzer-Levy and Kintz will then be given an opportunity to reply by July 29, 2004.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 18 2004 date docketed | |
| X | Docketing to mail notices. | | | 47 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 2004 JUN 15 PM 4:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 8 2004

Dr. RICHARD HASS,
          Plaintiff,

          v.                                    ) No. 03 C 8695
                                                )
The RICO ENTERPRISE,                            ) Honorable Charles R. Norgle
JANET VOLK HASS, ANITA & EDWIN VOLK,
KENNETH ABRAHAM, BRIAN McKILLIP,
STEPHEN CULLITON, DIMITRI DRES,
MICHAEL KINTZ, JOHN PANEGASSER,
SUSAN CASTAGNOLI, ROBERT DOWNS,
JEFFREY LEVING, ROBERT
GALATZER-LEVY, and JAMES KONETSKI,
          Defendants.

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court are Defendants', Robert Galatzer-Levy and Michael Kintz, Motions for Sanctions, brought pursuant to Federal Rule of Civil Procedure 11. For the following reasons, the motions are granted.

## I. INTRODUCTION

On December 2, 2003, Plaintiff, Dr. Richard Hass[1] ("Hass"), filed his Complaint alleging that Defendants, collectively referred to as "The RICO Enterprise," had conspired to, *inter alia*, violate his Due Process rights by "fixing" the outcome of his dissolution of marriage[2] and child custody

---

[1] Hass refers to himself as Dr. Hass; however, he has not advised the court of the field within which he has received an academic degree, such as a PhD. For the purposes of this opinion, the court will accept Hass's representation that he has received the highest of academic degrees and has had the advantage of substantial, advanced education.

[2] It is noteworthy that Illinois law provides for a no fault dissolution of marriage. See 750 Ill. Comp. Stat. 5/401(a)(2) (West 2004).



proceedings in the Circuit Court of DuPage County, Illinois. See Pl.'s Compl. ¶¶ 18-67. Hass's Complaint contained allegations of the behavior of his ex-wife, former in-laws and other persons involved with the dissolution of marriage and child custody proceedings, concluding that "[t]he DuPage Courts are a lucrative shakedown racketeering Enterprise operating under color of law." Id. ¶ 17. Hass based federal subject matter jurisdiction on 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. On June 10, 2004, the court held that Hass's Complaint failed to state a claim upon which relief could be granted, and additionally, that the claims were clearly barred by the applicable statutes of limitation. See Opinion and Order of June 10, 2004 [45-1].

The single group of operative facts that gave rise to Hass's Complaint emanated from the dissolution of marriage and child custody proceedings initiated by Hass's ex-wife, Defendant Janet Volk Hass. Hass alleged that the results of those proceedings were fixed by "The RICO Enterprise" operating within the Circuit Court of DuPage County, and apparently spearheaded by his ex-wife and former in-laws. Dissatisfied with the results of those proceedings, Hass has lashed out, via the legal process, at all those who may have been even tangentially involved with those proceedings. The relief requested by Hass's Complaint was unclear; however, to the extent that he sought to challenge the outcomes of his dissolution of marriage and child custody proceedings he cannot do so in federal court according to the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Further, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593- 594 (1890);

see also Ankenbrandt v. Richards, 504 U.S. 689, 692 (1992).

As discussed more fully herein, Hass's Complaint and other pleadings are a mélange of unsupported, frivolous allegations about corruption in the state court, sprinkled with personal attacks on his ex-wife, former in-laws, his ex-wife's attorneys, his own attorneys and court personnel within the Circuit Court of DuPage County. Defendants Michael Kintz ("Kintz") and Robert Galatzer-Levy ("Galatzer-Levy") have responded to Hass's Complaint and various other pleadings with two separate motions for sanctions, both brought pursuant to Federal Rule of Civil Procedure 11.

Defendant Kintz argues that sanctions are appropriate because Hass's Complaint and pleadings are objectively frivolous. Further, Defendant Kintz argues that Hass's Complaint was brought for an improper purpose, namely to harass and burden him with litigation costs, in light of the fact that an identical complaint had been filed, and later dismissed, over three years ago in the Circuit Court of DuPage County. Based on this, Defendant Kintz asks the court to take Hass's past conduct into account in determining whether a sanction is appropriate and, if so, the type of sanction to be imposed.

Defendant Galatzer-Levy argues that sanctions are appropriate because Hass's Complaint and pleadings are objectively frivolous and not warranted by existing law. Specifically, Defendant Galatzer-Levy argues that Hass's Complaint is sanctionable because it was baseless and clearly barred by the applicable statutes of limitation. Defendant Galatzer-Levy has also adopted the motion for sanctions filed by Defendant Kintz.

Both Defendants seek imposition of monetary sanctions, and Defendant Kintz also seeks imposition of a filing restriction against Hass. The motions for sanctions are now before the court.

## II. STANDARD OF DECISION

In pertinent part, Rule 11 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). One of the purposes of Rule 11 "is to deter baseless filings in the district court." Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). Rule 11 sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." Id. A frivolous argument or claim is one that is "baseless and made without a reasonable and competent inquiry." Id. (internal quotation marks and citation omitted). As discussed herein, Hass's Complaint, as well as numerous other pleadings filed, violate Rule 11. These pleadings are baseless, were made without reasonable inquiry, and have been filed for improper purpose.

## III. DISCUSSION

### A. Procedural History: Overview of Hass's Pleadings

As previously stated, Hass's Complaint alleged that Defendants, collectively referred to as

"The RICO Enterprise," had conspired to, *inter alia*, violate his Due Process rights by "fixing" the outcome of his dissolution of marriage and child custody proceedings in the Circuit Court of DuPage County, Illinois. See Pl.'s Compl. ¶¶ 18-67. Hass's Complaint contained allegations of the behavior of his ex-wife, former in-laws and other persons involved with the dissolution of marriage and child custody proceedings, concluding that "[t]he DuPage Courts are a lucrative shakedown racketeering Enterprise operating under color of law." Id. ¶ 17.

The record does not reflect that Hass served any Defendants. However, certain Defendants responded to the Complaint by filing motions to dismiss. On December 22, 2003, Defendant Galatzer-Levy filed a Motion to Dismiss, arguing Hass's Complaint was barred by the statute of limitations and also failed to state a claim upon which relief could be granted. On January 12, 2004, Defendant Kintz also filed a Motion to Dismiss, arguing that the Complaint failed to state a claim upon which relief could be granted and that the Complaint should be stricken, pursuant to Federal Rule of Civil Procedure 12(f), as it was entirely scandalous. Kintz also argued that Hass's Complaint was barred by the doctrine of *res judicata*, based upon a similar lawsuit filed in the Circuit Court of DuPage County. On June 16, 2000, Hass filed a lawsuit, case number 00 L 00586, in the Circuit Court of DuPage County naming Kintz and others as defendants. See Kintz Mot. to Dismiss, Ex. 1 [4-1]. That lawsuit was ultimately dismissed. See id., Ex. 3. The allegations contained in the state court complaint are largely identical to the allegations against Kintz in the complaint filed in this matter.

Hass's Complaint is not the only problematic pleading that has been filed in this case. On January 21, 2004, prior to responding to the motions to dismiss, Hass filed a motion styled Motion for Change of Venue, in which "Plaintiff. . .ask[ed] for his right to a change of judge as a matter of

right and for cause . . . . " Pl.'s First Mot. to Recuse, at 1 [8-1]. The court denied that motion *sua sponte*, stating that Hass had cited no statute, case law or argument in support of the motion. See Minute Order of January 26, 2004 [9-1]. In that order, the court also advised Hass of Federal Rule of Civil Procedure 11, stating: "A litigant must be sure that a reasonable inquiry has been made prior to the bringing of a motion seeking recusal, that the motion is not being presented for any improper purpose, and that the motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Id.

On February 13, 2004, in accordance with the court-ordered briefing schedule, Hass ultimately responded to the motions to dismiss filed by Defendants Galatzer-Levy and Kintz. However, Hass's responses were non-responsive, containing scandalous statements concerning unrelated matters. By way of example, in response to Defendant Kintz's motion to dismiss, Hass stated: "Verified statements in the media by DuPage officer Rodriguez documented a conspiracy on the part of DuPage officials and jail personal to have Cruz murdered by inmate Ascensio before Cruz' 3rd trial." Pl.'s Resp. to Kintz Mot. to Dismiss, at 1-2 [10-1]. Hass's only attempt at addressing the issue of *res judicata*, raised in Defendant Kintz's motion to dismiss, came in the following statement: "Defendant Kintz and his counsel Birkett (who is a Defendant himself in other RICO cases) is stretching definitions improperly because he knows that he lost the state election and that the RICO wolf is growling at his door in many other DuPage cases." Id. at 5. Likewise, in response to Defendant Galatzer-Levy's motion to dismiss, Hass failed to respond to the issues raised; rather, he proceeded to ramble on about Galatzer-Levy's allegedly excessive billing for legal representation during the dissolution of marriage and child custody proceedings. See Pl.'s Resp. to Galatzer-Levy Mot. to Dismiss, at 1-3, 5, 7-9 [11-1].

On March 3, 2004, Defendant Kintz responded with the present motion for sanctions, brought pursuant to Federal Rule of Civil Procedure 11, along with a verification of compliance with Rule 11(c)(1)(A). See Kintz Mot. for Sanctions [14-1]; Verification [15-1]. The court entered a briefing schedule with respect to the motion for sanctions, requiring Hass to respond by April 8, 2004. See Minute Order of March 12, 2004 [16-1]. On March 12, 2004, Hass filed his purported response, styled as a "Motion to Dismiss Defendant's Motion for Sanctions and Motion for Default Against Janet Hass." See Pl.'s Mot. of Mar. 12, 2004 [17-1]. That pleading was also non-responsive, and contained scandalous statements concerning unrelated matters. By way of example, Hass made statements challenging the propriety of DuPage County State's Attorney Joseph Birkett's election, and claiming that "DuPage States Attorney Joseph Birkett and his workers are afraid of exposure of criminal activity of his department." Id. ¶ 5; see also id. ¶¶ 3-4. Defendant Kintz has informed the court that in 2002, Hass filed a lawsuit in federal court against, *inter alia*, DuPage County State's Attorney Joseph Birkett, alleging election fraud in DuPage County. See Kintz Mot. for Sanctions, ¶¶ 3-5. That lawsuit was assigned to the Honorable Rebecca R. Pallmeyer and was captioned Hass v. The RICO Enterpirse, *et al.*, 02 C 7929. The case was ultimately dismissed and terminated. See Case No. 02 C 7929, Minute Order of Aug. 20, 2003 [30-1].

Hass's pleading also goes so far as to state that "a 3/2/04 Sun Times Article and court record of a notorious DuPage murder case documents drug use by Joseph Birkett's DuPage States Attorneys." Id. ¶ 6. The corollary to this previous malicious, invective statement was a motion styled as a "Motion that Joseph Birkett, All DuPage States Attorneys and All Court House Bailiff's be Subjected to Hair Testing and Drug Tests by an Independent Testing Company." See Pl.'s Mot. of Mar. 12, 2004 [18-1]. The court ordered these pleadings stricken, stating:

> Plaintiff's motions are merely a mélange of unsupported, frivolous allegations about

7

> corruption in the state courts. The motions contain malicious, invective statements based upon multiple hearsay. It is impossible for the Court to cull out any reasonable inferences from these pleadings, nor is it the court's duty. When factual allegations, such as these, are so nutty or delusional the court may strike those allegations without any evidentiary hearing as frivolous.

Minute Order of Mar. 18, 2004 [19-1] (internal citations and quotations omitted).

Subsequent to that order, Hass filed another motion seeking the court to recuse itself. See Pl.'s Second Mot. to Recuse [25-1]. In that motion, Hass once again cited no statutory or case law authority in support of the motion. However, the court liberally construed that motion to raise three arguments in support of recusal. First, Hass contended that "Judge Charles Norgle is a close friend and long-time acquaintance of Defendants in this case," id. ¶ 1, and "Judge Norgle is a member of the DuPage Bar association and socializes with Defendants." Id. ¶ 2. Second, Hass argued that certain of the court's rulings are indicative of bias, which warranted recusal. Specifically, Hass contended that "Judge Norgle has acted totally in the Defendants' interest so far and given them relief beyond statute." Id. ¶ 7. Third, Hass contended that he has an absolute right to substitute judges according to Illinois law. Without the benefit of responses from Defendants, the court denied that motion as having been brought without merit. See Opinion and Order of April 9, 2004 [26-1]; Hass v. The RICO Enterpirse, et al., No. 03 C 8695, 2004 WL 784813 (N.D. Ill. Apr 12, 2004).

On April 12, 2004, Hass filed an untimely response to Defendant Kintz's motion for sanctions, and also attempted to have that pleading serve as a response to all the motions to dismiss. See Pl.'s Mot. of Apr. 12, 2004 [27-1]. Once again, that pleading was non-responsive, and also contained scandalous statements concerning unrelated matters. By way of example, Hass stated that "in the Tim Ryan Federal case, videotape shows excessive brutality, improper and illegal DuPage police work including a search and seizure declared improper and illegal by a Federal judge." Id. ¶ 11. Further, that pleading again raised issues with regard to the court's recusal, which the court

8

had found to be without merit on two separate occasions.

On April 16, 2004, Defendant Galatzer-Levy responded to that filing with the present motion for sanctions, brought pursuant to Federal Rule of Civil Procedure 11, along with a verification of compliance with Rule 11(c)(1)(A). See Galatzer-Levy Mot. for Sanctions [30-1]; Verification [29-1]. The court entered a briefing schedule with respect to that motion for sanctions, requiring Hass to respond by May 14, 2004. See Minute Order of April 23, 2004 [31-1]. Hass did not file a response to Defendant Galatzer-Levy's motion for sanctions; rather, he attempted to file a First Amended Complaint without leave of court. The court ordered Hass's First Amended Complaint stricken, and indicated that rulings on the fully briefed motions to dismiss and motions for sanctions would be issued expeditiously. See Minute Order of June 3, 2004 [42-1].

On June 10, 2004, the court granted Defendants' motions to dismiss. See Opinion and Order of June 10, 2004. The court held that Hass's Complaint failed to state a claim upon which relief could be granted, and additionally, that the claims were clearly barred by the applicable statutes of limitation. See id.

## B. *Hass's Pleadings are Sanctionable under Rule 11*

The court finds that Hass's Complaint and pleadings in this case are frivolous. The Complaint is frivolous because it was made without a reasonable and competent inquiry, which would have revealed that the claims asserted therein were barred by the applicable statutes of limitation. Further, the Complaint is completely baseless. The allegations of the Complaint are scandalous, to say the least. As the court has repeatedly stated, Hass's Complaint is a mélange of unsupported, frivolous allegations about corruption in the state court, sprinkled with personal attacks on his ex-wife, former in-laws, attorneys and court personnel within the Circuit Court of DuPage County. Hass's amorphous allegations are typified by accusations of racism, theft, bribery, perjury

9

and fraud within the Circuit Court of DuPage County, as well as accusations of drug use within the DuPage County State's Attorneys Office. See generally Pl.'s Compl.; see also Pl.'s Mot. of Mar. 12, 2004 (seeking an order that "Joseph Birkett, All DuPage States Attorneys and All Court House Bailiff's be Subjected to Hair Testing and Drug Tests by an Independent Testing Company"). Hass's former in-laws are also the recipients of his scandalous, invective allegations. Further, Hass alleges that his father-in-law has two illegal social security numbers, which he used to launder money out of state in order to ultimately use to bribe judges in the Circuit Court of DuPage County. See, e.g., ¶ 18. However, the ultimate invective statement is an allegation of incest. See id.

As the Seventh Circuit has stated: "One standard for frivolousness is risibility - if you start laughing when repeating the argument, then it's frivolous." Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928, 934 (7th Cir. 1989). If Hass's allegations were not so personally offensive to the recipients of his outlandish attacks, they would be risible. Even when compared to other *pro se* litigants, untrained in the intricacies of the law, Hass's pleadings are far beyond reasonable. "At some point, our solicitous treatment of *pro se* litigants must be trumped by our concern with the rights of Defendants to be free of scandalous, repetitive, and baseless claims that undoubtedly drain their financial and emotional resources." Sato v. Kwasny, No. 93 C 37, 1993 WL 460842, at *3 (N.D. Ill. Nov. 5, 1993).

Hass has harassed Defendant Kintz, and caused unnecessary costs, by relitigating an action that had been decided over three and one-half years ago and requiring him to respond to an objectively meritless case. Likewise, Hass has burdened Defendant Galatzer-Levy by requiring him to respond to an objectively meritless case. Further, Hass has burdened all Defendants who have been the targets of his scandalous, invective pleadings contained in the public record.

Lastly, the named Defendants have not been the only parties burdened by Hass's improper

10

conduct. The court has repeatedly admonished Hass to consult Federal Rule of Civil Procedure 11. These admonitions have not deterred Hass, who has filed a total of four motions seeking the court's recusal from this case. In short, Hass has burdened the federal court. The words of the United States Supreme Court are instructive: "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (stating that a federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process").

## C. *Sanction to be Imposed under Rule 11*

The court finds Hass's Complaint and pleadings to be sanctionable under Federal Rule of Civil Procedure 11. Both Defendants Galatzer-Levy and Kintz seek imposition of monetary sanctions, and Defendant Kintz also seeks imposition of a filing restriction against Hass. However, because the motions for sanctions do not contain sufficient detail with regard to the amount of attorneys fees and costs incurred to date, Defendants Galatzer-Levy and Kintz are directed to submit itemized fee petitions by July 1, 2004. Hass will then be given an opportunity to respond to the petitions by July 15, 2004. Defendants Galatzer-Levy and Kintz will then be given an opportunity to reply by July 29, 2004.

While Defendant Kintz's position in favor of a filing restriction has merit, the court finds that a sanction of the imposition of a filing restriction against Hass is not warranted at this time. However, further litigation conduct and pleadings similar to Hass's past conduct and pleadings will not be tolerated, and "[i]f monetary sanctions will not do the job, other means must be found." Id. The court has found that Hass's pleadings have burdened the court, and "the judicial system is

11

entitled to protect itself against litigants who abuse its processes." Sato v. Plunkett, 154 F.R.D. 189, 193 (N.D. Ill. 1994) (Easterbrook, J. sitting by designation). Hass is on notice that further abuse of the judicial process will lead to the entry of imposition of a filing restriction. See, e.g., In re Chapman, 328 F.3d 903, 905 (7th Cir. 2003) (discussing a federal court's power to impose filing restrictions as a sanction); Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993) (noting that *pro se* litigants may be subjected to regulatory injunctions if warranted by a pattern of frivolous and harassing lawsuits).

## IV. CONCLUSION

For the foregoing reasons, Defendants', Robert Galatzer-Levy and Michael Kintz, Motions for Sanctions, brought pursuant to Federal Rule of Civil Procedure 11, are granted. Defendants Galatzer-Levy and Kintz are directed to submit itemized fee petitions by July 1, 2004. Plaintiff Hass will then be given an opportunity to respond to the petitions by July 15, 2004. Defendants Galatzer-Levy and Kintz will then be given an opportunity to reply by July 29, 2004.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6-15-04